# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51076

STATE OF IDAHO,

     Plaintiff-Respondent,

v.

WADE WILLIAM DENNY,

     Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 20, 2026

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction for sexual battery of a minor child sixteen to seventeen years of age and rape, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Wade William Denny appeals from his judgment of conviction for sexual battery of a minor child sixteen to seventeen years of age and rape. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers responded to a neighborhood after a sixteen-year-old girl called 911 and "reported she was scared of everyone on the street." During the call from the girl to 911, the operator asked, "what exactly happened," and the girl answered "I came to spend time with, with some guy named [Denny] and he set me up. I yes, I don't know why, please send help." When officers found the girl, they reported that she was paranoid, fearful, perspiring noticeably, and sensitive to light. The officers believed she was under the influence of drugs. The officers asked the girl why she was

1

afraid, and she told them that "she had been 'sold out' by [Denny]," who lived in that neighborhood. The girl then told the responding officers, "I was set up"; "I don't know, he set me up"; and "I only know one person that lives here and that was him . . . [Denny]." The girl then told officers that someone had given her acid. The girl was driven to the hospital where she gave a statement that she "may have been raped and that 'they' had given her acid." A sexual assault examination was performed on the girl and DNA evidence collected was later confirmed as belonging to Denny. The nurse who saw the girl at the hospital reported the girl described how a man had pulled her pants off and raped her. Denny was thirty-three years old at the time of the incident. Denny was charged with felony sexual battery of a minor (I.C. § 18-1508A(1)(c)) and rape (I.C. § 18-6101(2)).

Before trial, the State informed Denny and the district court that the girl had not been located and served with a subpoena to appear as a witness at trial. The State believed that the girl was avoiding service because she was in a romantic relationship with Denny. The State filed a motion for an order allowing, under I.R.E. 804(b)(5), the admission of statements by the girl to the 911 operator, the responding officers, and the sexual assault nurse evaluator. The district court reviewed phone calls between Denny and the girl that took place after Denny's incarceration. The district court concluded I.R.E. 804(b)(5) applied because Denny had discouraged the girl from testifying or cooperating with the State. The district court further explained that, even if the girl was not cooperative prior to the phone calls with Denny, he had encouraged her unwillingness to cooperate. Based on Denny's phone calls with the girl, the district court allowed the State to present statements made by the girl to the 911 operator, the officers, and the nurse. Denny was found guilty of sexual battery of a minor and rape. Denny appeals.

## II.

## STANDARD OF REVIEW

A trial court's conclusion that an out-of-court statement qualifies as hearsay under I.R.E. 801(c), when offered or admitted for the truth of the matter asserted, is reviewed de novo. *State v. Roman-Lopez*, 171 Idaho 585, 59-92, 524 P.3d 864, 870-71 (2023). If, however, an out-of-court statement is offered or admitted for a purpose other than its truth, then the trial court's decision whether to admit the statement is reviewed for an abuse of discretion. *Id*. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered

inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Denny asserts the district court abused its discretion when it admitted statements the girl made to the 911 operator, the officer, and the nurse because Denny did not cause the girl's unavailability as a witness. Denny contends the statements were inadmissible hearsay. The State responds that Denny has failed to show error in the district court's determination that the girl's statements were admissible pursuant to the exception in I.R.E. 804(b)(5).[1] We hold that the district court correctly concluded that the girl's statements were admissible because she was unavailable as a witness because of Denny's wrongdoing, thereby qualifying for the exception in I.R.E. 804(b)(5).

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802.

At trial, the district court admitted the girl's statements to the 911 operator, the officer, and the nurse pursuant to the doctrine of forfeiture by wrongdoing, as reflected in I.R.E. 804(b)(5). A "statement offered against a party that wrongfully caused--or acquiesced in wrongfully causing--the declarant's unavailability as a witness, and did so intending that result," is not subject to the exclusion by the rule against hearsay. I.R.E. 804(b)(5). Thus, the exception applies when a defendant: (1) engages or acquiesces in wrongdoing; (2) intended to render the declarant

[1] The State also argues that Denny's challenge to the statements is not preserved because, at trial and in response to the State's request to admit the statements, he responded that he had no objection at that time. The State's preservation argument is unpersuasive. The district court's in limine ruling that the statements were admissible were sufficient to preserve the issue for appeal absent any express indication by Denny that he was withdrawing his claims that the statements were not admissible

3

unavailable as a witness; and (3) renders the declarant unavailable as a witness. *See* I.R.E. 804(b)(5) (defining statements that are not hearsay).

Our recent opinion in *State v. Samford*, ___ Idaho ___, 575 P.3d 39 (Ct. App. 2025) addressed a similar argument. In *Samford*, the appellant argued the district court abused its discretion in finding that he made the witness unavailable by manipulating the witness with "expressions of love and [Samford's] intention to return to [the witness]." *Id*. at ___, 575 P.3d at 48. Samford argued that his intent was only to prevent the witness from retaliating against Samford through vengeful and untruthful testimony. This Court explained that the phone calls between Samford and the witness showed that Samford "engaged in conduct intended to manipulate [the witness] into not testifying." *Id*. We concluded that the State did not need to demonstrate that Samford's sole motivation was to procure the witness's unavailability. Rather, Samford's desire to silence the witness was part of Samford's motivation and that was sufficient to find he made the witness unavailable for purposes of I.R.E. 804(b)(5). *Id*. at ___, 575 P.3d at 48.

The district court found that the State had presented evidence showing that Denny had used a romantic relationship and phone calls with the girl to encourage her silence. While Denny was incarcerated, he called the girl and told her, "Don't speak, just listen." Denny, who was more than twice the girl's age, further instructed her: "Keep up what you been doing. Don't let them pressure you into saying, anyone into saying anything." Later, on a phone call with his niece, Denny instructed her to tell the girl to deny the incident. After reviewing these phone calls, the district court found that it was clear that Denny had done "what he could to discourage the [girl]. . . from testifying or being a part or cooperating with the prosecution of this case." Furthermore, the district court found that, even though the girl "was not cooperative from the git-go," Denny "exacerbated that by encouraging her to continue that behavior." Based on these findings, the district court found that the girl was not available under I.R.E. 804(b)(5).

Substantial and competent evidence supports the district court's findings that Denny engaged in wrongdoing resulting in the girl's unavailability. The evidence shows that Denny engaged in conduct intended to manipulate the girl into not testifying. The above communications demonstrate Denny's desire to silence the girl and prevent her appearance at trial. Denny fails to show error in the district court's admission of evidence under the doctrine of forfeiture by wrongdoing as provided in I.R.E. 804(b)(5). The forfeiture by wrongdoing principle also

4

forecloses Denny's Confrontation Clause claim.  As explained in *Crawford v. Washington*, 541 U.S. 36, 62 (2004), forfeiture by wrongdoing "extinguishes confrontation claims on essentially equitable grounds."

Because we hold that the district court did not err in admitting the statements under either the Idaho Rules of Evidence or the Confrontation Clause, we need not address whether any error was harmless.  Denny has failed to show error in the admission of the girl's statements at trial.

## IV.

## CONCLUSION

Denny has failed to show the district court abused its discretion in finding that he caused the witness to be unavailable and thus admitting the witness's testimony under the doctrine of forfeiture by wrongdoing.  Accordingly, Denny's judgment of conviction for sexual battery of a minor child and rape is affirmed.

Chief Judge TRIBE and Judge LORELLO, **CONCUR**.